AEE
FILED
FEBRUARY 20, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1028

JUDGE NORDBERG
MAGISTRATE JUDGE COX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. KATHLEEN SCHNIER, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| AMERICAN COLLEGE OF EDUCATION and HIGHER EDUCATION HOLDINGS, LLC | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, DR. KATHLEEN SCHNIER, through her attorney, Richard J. Gonzalez, Law Offices, Chicago Kent College of Law, complains against Defendants, AMERICAN COLLEGE OF EDUCATION and HIGHER EDUCATION HOLDINGS, LLC, as follows:

### Nature Of Action, Jurisdiction And Venue

1. This is an action for damages and equitable relief to redress the deprivation of rights secured to Plaintiff by virtue of the FAMILY AND MEDICAL LEAVE ACT of 1964, 29 U.S.C. § 2601 et. seq. (the "FMLA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et. seq., as amended by the Civil Rights Act of 1991.

2. Jurisdiction is specifically conferred on this Court by the provisions of the FMLA, 28 U.S.C. § 1221 and by 42 U.S.C. § 2000(e)-5.

3. Venue is proper by virtue of 28 U.S.C. § 1391(b).

4. Plaintiff has met all administrative prerequisites to suit in that she timely filed a charge of discrimination against Defendants with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission on August 3, 2007, obtained "Right-To-Sue Letters" on or about November 27, 2007 and December 4, 2007, and brings this action within the limitations period of 42 U.S.C. § 2000(e) et. seq.

**Parties**

5. Plaintiff, KATHLEEN SCHNIER, is a female citizen and resident of the United States. From February 6, 2006 to June 27, 2007, Plaintiff was a full-time salaried employee of Defendants. Plaintiff's employment was terminated by Defendants on or about June 27, 2007.

6. Defendants, AMERICAN COLLEGE OF EDUCATION and HIGHER EDUCATION HOLDINGS, LLC, upon information and belief, are and were at all relevant times a duly registered corporation doing business within the state of Illinois and an employer within the definition of the FMLA and Title VII of the Civil Rights Act of 1964.

**Facts**

7. In February, 2006, Plaintiff commenced employment with Defendants as the Vice President of Student Services at Defendants' office in Chicago, Illinois, after having been sought out and recruited by Defendants.

8. At the time of her hire, Plaintiff was assured by an agent of Defendants, Dr. John Agresto, that Plaintiff was to be in a "senior level" position; was to report directly to Agresto, the President of the company; was to have considerable responsibility and authority; was to receive a base salary of $110,000 annually with a bonus potential of 25% of base salary, based upon performance; and was to receive stock options. Such assurances were key factors in Plaintiff's acceptance of Defendants' offer.

9. Plaintiff was recruited and hired by Defendants based upon years of experience, her accomplished skills in the area, her background, and her extensive contacts and good will within the industry.

10. Plaintiff at all times performed adequately and otherwise met Defendants' legitimate expectations.

11. In November, 2006, Plaintiff informed Defendants that she was pregnant.

12. Shortly after Plaintiff announced her pregnancy, her primary duties and responsibilities were removed, and she was given the responsibilities of one of her former direct reports.

13. Further, upon announcement of her pregnancy, Plaintiff's former duties and responsibilities were given to an employee who was less qualified, less educated, and needed Plaintiff to train her; her title of Vice President of Student Services was removed; she was directed not to report directly to the President any longer but to the Provost, a position equivalent to her own; she was no longer allowed to participate in Board meetings; all of her direct reports were removed; and her written requests for an accurate job description and organizational chart were denied. Defendants in fact changed Plaintiff's job titles on three separate occasions following her announcement of pregnancy, to the titles of Vice President of Enrollment Services, Vice-President of Student Affairs, and Vice-President of Admissions and Student Affairs.

14. After taking away Plaintiff's original job title, duties, and responsibilities, Defendants refused to give Plaintiff an accurate description of her new job, job title, duties, or responsibilities and then used the lack of an accurate job description as an excuse to deny Plaintiff a performance review. Defendants then used the lack of a performance review as an excuse to deny Plaintiff her bonus.

15. In or about January, 2007, Defendants' agent, Interim Provost Bria McDonald informed Plaintiff that Defendants made the changes to Plaintiff's employment situation in an effort to convince Plaintiff to terminate her employment.

16. Plaintiff informed Provost Monaco that she intended to begin her maternity leave in late June or early July. In March, 2007, Provost Monaco asked Plaintiff to take her maternity leave in May, earlier than she had planned.

17. On or about April 5, 2007, Plaintiff complained to Defendants' agent, Jerry Heeger, President of American College of Education, that she was being discriminated against

3

due to her sex and pregnancy, but Defendants refused to investigate or address Plaintiff's complaint.

18. On or about April 20, 2007, Plaintiff complained to Defendants' agent, Sal Monaco, Provost of American College of Education, that she was being discriminated against due to her sex and pregnancy, but Defendants refused to investigate or address Plaintiff's complaint.

19. On or about May 23, 2007, Plaintiff, by a letter from her attorney, complained to Defendants' agent, the Human Resources Director, that she was being discriminated against due to her sex and pregnancy, but Defendants refused to investigate or address Plaintiff's complaint.

20. On or about June 21, 2007, Plaintiff informed Defendants, by a letter from her attorney, that she intended to file charges of sex discrimination with the Equal Employment Opportunity Commission due to Defendants' refusal to reply to her previous complaints.

21. On June 27, 2007, only six days after Plaintiff informed Defendants that she intended to file a charge of sex discrimination with the Equal Employment Opportunity Commission, and approximately one month after Plaintiff complained for the third time that Defendants were discriminating against her due to her sex and pregnancy, Defendants fired Plaintiff, who had begun her maternity leave. Defendants did not give Plaintiff any reason for her termination.

## COUNT I

### Violation Of FMLA

22. Plaintiff repeats and realleges paragraphs 1-21 herein and incorporates same by reference as though fully set out herein.

23. As of the date that Plaintiff began her FMLA leave, Plaintiff in fact had a medical condition sufficient to qualify her for FMLA protection; had in fact been employed by

Defendants for longer than a one-year period and for an excess of 1250 hours during the prior year; and was otherwise qualified for the protections of the FMLA.

24.   The foregoing conduct constitutes a willful violation of the FMLA in that despite Plaintiff's entitlement to the FMLA, Defendants intentionally terminated Plaintiff's employment during her leave.

25.   As a proximate result of the foregoing facts, Plaintiff suffered loss of her job in addition to lost wages and benefits.

WHEREFORE, Plaintiff requests that this Court:

A.   Enter judgment finding that Defendants' act in terminating Plaintiff on June 27, 2007 constituted a violation of the FMLA;

B.   Reinstate Plaintiff to her previous position, job title, duties and responsibilities, at her former salary and employment benefits;

C.   Award Plaintiff her lost wages, value of lost benefits and other monetary losses caused by Defendants' unlawful termination of her employment;

D.   Award Plaintiff an additional equal amount as liquidated damages;

E.   Award Plaintiff reasonable attorney's fees and costs of this action; and

F.   Such other relief as this Court deems just and appropriate.

## COUNT II

### Sex Discrimination In Violation Of Title VII

26.   Plaintiff incorporates by reference paragraphs 1-25 as though fully set out herein.

27.   Any reasons provided by Defendants for Plaintiff's demotion and the actions described in paragraph 12 and for Plaintiff's termination were a pretext for unlawful sex discrimination.

28.   Defendants, through its agents, treated Plaintiff differently and less favorably than similarly situated employees who were male or non-pregnant.

29. The foregoing actions constitute a violation of Title VII.

30. In violating Title VII, Defendants acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

31. As a proximate result of the foregoing facts, Plaintiff suffered loss of her job, lost wages and benefits, incidental damages, and pain and suffering in the form of emotional distress, anxiety, embarrassment, humiliation, and loss of status and self-esteem.

WHEREFORE, Plaintiff requests that this Court enter a judgment:

A. Finding that the Defendants discriminated against Plaintiff on the basis of her sex and pregnancy in violation of Title VII;

B. Award Plaintiff back pay, pre-judgment interest, and damages for employment benefits that she would have received but for the discriminatory acts and practices of Defendants;

C. Reinstate Plaintiff to her previous position, job title, duties and responsibilities, at her former salary and employment benefits;

D. Award Plaintiff compensatory and punitive damages, including damages to compensate Plaintiff for inhibited career growth and damage to her career caused by Defendants' conduct;

E. Award reasonable attorney's fees and costs incurred in this action;

F. Order Defendants to cease and desist from discriminating against its employees on the basis of sex; and

G. Award such other relief that this Court deems just and appropriate.

## COUNT III

### Unlawful Retaliation In Violation Of Title VII

32. Plaintiff repeats and realleges paragraphs 1-31 herein and incorporates same by reference as though fully set out herein.

33. Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by retaliating against her for complaining about sex and pregnancy discrimination.

34. Although Plaintiff made three separate complaints to Defendants of sex and pregnancy discrimination, once by a letter from her attorney, Defendants refused to investigate or address Plaintiff's complaints, or to take any action to prevent such discrimination.

35. Defendants fired Plaintiff on June 27, 2007 in retaliation for her complaints of sex and pregnancy discrimination.

36. By engaging in retaliatory conduct, Defendants discriminated against Plaintiff in violation of 42 U.S.C. § 2000e-3, as amended.

37. In so doing, Defendants acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

## **Damages**

38. As a proximate result of the foregoing facts, Plaintiff suffered loss of her job, lost wages and benefits, incidental damages, and pain and suffering in the form of emotional distress, anxiety, embarrassment, humiliation, and loss of status and self-esteem.

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter an order finding that Defendants unlawfully retaliated against Plaintiff in violation of Title VII, and enjoin Defendants from further such conduct;

B. Award Plaintiff back pay, pre-judgment interest, and damages for employment benefits that she would have received but for the discriminatory acts and practices of Defendants;

C. Reinstate Plaintiff to her previous position, job title, duties and responsibilities, at her former salary and employment benefits;

D. Award Plaintiff compensatory and punitive damages in an appropriate amount, including damages to compensate Plaintiff for inhibited career growth and damage to her career caused by Defendants' conduct

E.   Award reasonable attorney's fees and costs incurred in this action;

F.   Order Defendants to cease and desist from discriminating against its employees on the basis of sex; and

G.   Award such other relief that this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL COUNTS.**

Respectfully submitted,

DR. KATHLEEN SCHNIER

By:  ___/s/ Richard J. Gonzalez_____
         Attorney for Plaintiff

RICHARD J. GONZALEZ
Law Offices of Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
(312) 906-5079

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. KATHLEEN SCHNIER, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| AMERICAN COLLEGE OF EDUCATION and HIGHER EDUCATION HOLDINGS, LLC | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE BY U.S. MAIL

The undersigned, an attorney, on oath, deposes and states that he caused a copy of the foregoing **COMPLAINT** to be served upon the parties listed below by placing copies of same, in an envelope with affixed first class postage, in the U.S. Mail chute located at 565 West Adams Street, Chicago, Illinois 60661 on February 20, 2008 at or before 5:00 p.m.:

Arlene Steinfield
1717 Main Street
Suite 2800
Dallas, TX 75201
(214) 939-5525
arlene.steinfield@klgates.com


      /s/ Richard J. Gonzalez


RICHARD J. GONZALEZ
Law Offices of Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
(312) 906-5079